# In re E-L-H- et al., Respondents

*Decided by Attorney General December 1, 2004*

*Decided by Board January 30, 1998[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Attorney General remanded the case for reconsideration, in light of *Matter of A-H-*, A.G. Order No. 2380-2001 (Jan. 19, 2001), whether a decision of the Board of Immigration Appeals is final and effective while it is pending review before the Attorney General on certification.

FOR RESPONDENT: Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY: Joe D. Whitley, General Counsel

BEFORE THE ATTORNEY GENERAL
(December 1, 2004)

The request of the Commissioner of the Immigration and Naturalization Service to certify for review the captioned decision of the Board of Immigration Appeals pursuant to 8 C.F.R. § 3.1(h)(1)(iii) (2002)[2] is granted, the decision is vacated, and the case is remanded for reconsideration in light of the intervening decision of the Attorney General in *Matter of A-H-*, A.G. Order No. 2380-2001 (Jan. 19, 2001) (attached).

---

[1]  The Board's January 30,1998, decision in this case was published as *Matter of E-L-H-*, 22 I&N Dec. 21 (BIA 1998).

[2]  On March 1, 2003, the functions of the Immigration and Naturalization Service ("INS") were transferred from the Department of Justice to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002).  The Executive Office for Immigration Review, however, remains in the Department of Justice. On February 28, 2003, the Attorney General published a technical rule that moved 8 C.F.R. § 3.1(h) to 8 C.F.R. § 1003.1(h). *See* Aliens and Nationality; Homeland Security; Reorganization of Regulations, 68 Fed. Reg. 9824, 9830 (Feb. 28, 2003).  In addition, the authority of the INS Commissioner to refer decisions of the Board of Immigration Appeals to the Attorney General is now vested in the Secretary of Homeland Security or in "specific officials of the Department of Homeland Security designated by the Secretary with the concurrence of the Attorney General."  *Id.* at 9832 (to be codified at 8 C.F.R. § 1003.1(h)(1)).

Attachment

A.G. ORDER NO. 2380-2001

In re: A-H- (Arlington)

IN EXCLUSION PROCEEDINGS
———————————————————————

On December 6, 2000, the Acting Commissioner of the Immigration and Naturalization Service (Service or INS), pursuant to 8 C.F.R. § 3.1(h) (2000), referred to me the November 30, 2000, decision of the Board of Immigration Appeals (Board or BIA), which overturned the Immigration Judge's decision of May 12, 1999, sustained the applicant's appeal, and granted the applicant asylum in the above-captioned case, pending my further review on appeal. In addition, the Service requested that I immediately vacate the Board's decision. In order to expedite review of the question whether the Board's decision should be vacated pending further review, I ordered that the November 30, 2000, orders of the Board sustaining the applicant's appeal and granting the applicant asylum were to be stayed for forty-five (45) days, and I directed the Service and the applicant to file briefs addressing the question whether vacatur of the Board's orders pending resolution of the certified appeal was appropriate. I have concluded, and here hold, that the Board's orders are not final and should not be given effect pending the Attorney General's resolution of the certified appeal.

Existing regulations provide that "[t]he decision of the Board shall be final *except in those cases reviewed by the Attorney General in accordance with* [8 C.F.R. § 3.1(h)]" (emphasis added). 8 C.F.R. § 3.1(d)(3) (2000). This language is most naturally understood to mean that Board decisions that have been referred to the Attorney General pursuant to 8 C.F.R. § 3.1(h) are not final, and are thus not effective, pending the Attorney General's resolution of the appeal. *Accord Matter of Farias*, 21 I&N Dec. 269, 282 (BIA 1996, 1997; A.G. 1997) (a "decision of the Board is not final while pending review before the Attorney General on certification").

The question is complicated by another regulation, however, and by a decision of the Board interpreting that regulation. Under 8 C.F.R. § 3.1(g) (2000), "[e]xcept as they may be modified or overruled by the Board or the Attorney General, decisions of the Board shall be binding on all officers and employees of the Service or Immigration Judges in the administration of the Act." It is possible to understand this language to indicate that Board decisions, unless stayed by the specific, affirmative act of the Attorney General or the Board itself, become effective immediately upon issuance and, unless they are so stayed, must be executed by the Service and by Immigration Judges even after being certified to the Attorney General and while pending

701

review. According to the Service, the Board in *In re E-L-H-*, [22 I&N Dec. 21] (BIA 1998) (appeal pending) arguably interpreted section 3.1(g) in this way, and in any case the language of *In re E-L-H-* is unclear in this respect. *See Immigration and Naturalization Service's Memorandum in Support of Its Request to Vacate Decision of the Board of Immigration Appeals* at 3 (*Matter of A-H-*, Exclusion Proceedings) (Dec. 20, 2000) ("*Service Br.*"). If the regulation were so understood, then decisions of the Board would not automatically be stayed by the pendency of review by a higher administrative authority.

In light of section 3.1(g) and the Board's determination in *In re E-L-H-*, it has been uncertain whether, in a case such as this, the Attorney General must affirmatively stay or vacate a certified decision of the Board in order to prevent it from becoming effective while her review of the decision is going forward. The uncertainty engendered by the interplay of sections 3.1(d)(3) and 3.1(g) and by the Board's decisions in *Matter of Farias* and *In re E-L-H-* does not promote orderly and efficient Attorney General review of Board decisions. In some cases (as here), I have been required to decide whether to order a stay on extremely short notice and before even the most summary presentation of the relevant issues can be made.

In my judgment, sections 3.1(d)(3) and 3.1(g) can and ought to be harmonized in a manner that avoids such administrative difficulties. I conclude, therefore, that, in accordance with its plain terms, section 3.1(d)(3) renders a Board decision that has been referred to the Attorney General non-final and without effect. Thus, a referral operates as an automatic stay without a need for any further action of the Attorney General. Section 3.1(g) gives binding effect to a *final* decision of the Board, and thus does not apply to a decision that is pending on a referral. In accordance with the terms of section 3.1(d)(3), therefore, if a Board decision has been certified to the Attorney General, it is neither final nor effective during the pendency of the Attorney General's review (or for a later period, if the Attorney General so decides).[1] A Board decision may not be executed while it is not final (unless the Attorney General specifically orders otherwise).

Although it is likely that referrals of Board decisions to the Attorney General will continue to be rare, I recognize that, in some circumstances, the automatic stay of a Board decision may occasion unfairness or undue hardship to an applicant. Accordingly, I hold that the Attorney General may entertain a motion from an applicant for relief from any unfairness or hardship occasioned by such an automatic stay.

Applying these rules to the present case, I hold that the decision of the Board, having been certified to me by the Commissioner, is to be stayed

---

[1] A referral of a Board decision to the Attorney General does not, however, automatically reinstate the Immigration Judge's decision in the case. Nor does my decision here have that effect on the applicant's case.

pending completion of the Attorney General's review of the merits of the Board's decision. Treating the applicant's papers as a prayer for relief from that stay, I deny the applicant's request.[2]

The applicant has not shown that he is likely to prevail on the merits of his case.[3] Moreover, to allow the Board's decision to take effect pending the Attorney General's review would be to hold the Board's grant of asylum effective for at least an interim period, and would permit the applicant to enjoy the benefits of asylum status throughout that period. Because the grant of asylum is discretionary with the Attorney General, *see INS v. Aguirre-Aguirre*, 526 U.S. 415, 420 (1999); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 441 (1987), it is particularly appropriate that such a grant should not be considered final while the Attorney General is personally considering whether such relief is merited.

The applicant contends that he will suffer irreparable injury if the Board's decision is stayed pending the Attorney General's review of it because "the only real effect of vacating the BIA's decision in the interim is to take [A-H-] back into custody." *Applicant's Brief in Support of Affirming the Decision of the Board of Immigration Appeals Granting Political Asylum* at 4 (*Matter of A-H-*, Exclusion Proceedings) (Jan. 5, 2001). However, the staying of the Board's decision will not automatically result in the re-incarceration of the applicant, and the Service has not indicated in any way that it would again take applicant into custody.[4] The applicant further contends that the "balance of hardships" weighs in his favor, in part because of the asserted harm of re-incarceration, and in part because "the Service's interests, as articulated, are without substance and infringe on constitutionally protected rights" such as the right of foreign travel. *Id.* In my judgment, however, the applicant has not shown that he would suffer undue hardship from being unable to travel abroad during the pendency of the Attorney General's review of his case. He has not shown, for example, that his livelihood depends on the ability to travel, or that

---

[2]   My decision to deny this relief is based solely on the unclassified record in the case.

[3]   The burden of persuasion lies on the applicant because section 3.1(d)(3), as construed above, provides that the Service's referral of the Board's decision operates to stay it. It follows that it is the applicant, not the Service, who is seeking relief here, and who therefore bears the burden of persuasion. *See, e.g.*, *Securities Investor Protection Corp. v. Blinder, Robinson & Co.*, 962 F.2d 960, 968 (10th Cir. 1992).

[4]   Should the Service again detain the applicant, he could move the Attorney General to lift the instant order staying the Board's decision, on the ground that the balance of hardships from this stay weighed, in those changed circumstances, in his favor. I note also that the State Department has advised the Service that the applicant's prolonged detention could be detrimental to the United States' interests. *See Notice of Hearing on Petitioner's Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief* (Nov. 3, 1998), in *A-H- v. Reno*, (E.D. Va. 1998), Ex. 10 (Memorandum for Jan Huddle, Executive Secretary, Immigration and Naturalization Service, from William J. Burns, Executive Secretary, Department of State); Resp. Ex. R2 on remand, Ex. 10.

his inability to do so is preventing him from maintaining ties to close family members.[5] The Service, on the other hand, has shown that permitting the applicant to travel abroad may entail undue risk for the United States. *See Service Br.* at 18.[6]

Accordingly, in view of the referral to me of the Board's decision, that decision is stayed pending the completion of Attorney General's review of the decision on the merits.

In order to expedite the review process, I further order as follows:

1. On or before February 19, 2001, the Service shall submit a brief, not to exceed 50 pages in length, in support of its position that the November 30, 2000 orders of the Board should be overruled;

2. Within 30 days thereafter, the applicant shall serve a reply brief, not to exceed 50 pages, which shall be served on the Service;

3. All filings by a party to these proceedings shall be accompanied by proof of service and shall be submitted in triplicate to:

Assistant Attorney General
Office of Legal Counsel
950 Pennsylvania Avenue, N.W.
Room 3266
United States Department of Justice
Washington D.C. 20530

Date: January 19, 2001                    _____/s/_____
                                          Janet Reno
                                          Attorney General

---

[5] I note that the State Department recommended some time ago that the applicant be denied advanced parole for travel abroad. *See* Letter for Mr. Brian Perryman, Acting District Director for Examinations, Immigration and Naturalization Service, from Arthur H. Hughes,
Deputy Assistant Secretary of State, Bureau of Near Eastern Affairs (Feb. 23, 1996), Govt. Ex. 5. Should the applicant demonstrate, however, that there was a compelling humanitarian need for him to be permitted to travel abroad on a particular occasion, the Service would consider a request for advanced parole on that occasion.

[6] Moreover, even assuming the (dubious) proposition that the applicant—an alien who is concededly excludable and who is seeking relief from exclusion and deportation—would have a constitutionally protected liberty interest in being able to travel abroad while his application for relief is still administratively pending, that interest is outweighed here by the government's interests in temporarily restraining him from such travel. *Cf. Zemel v. Rusk*, 381 U.S. 1 (1965) (finding citizen's Fifth Amendment liberty interest in foreign travel outweighed by government's foreign policy justification for imposing travel restrictions).